IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWIN ISHOO, M.D.,

        Plaintiff,

vs.   No. CIV-06-0747 MV/ACT

BOARD OF REGENTS, UNIVERSITY
OF NEW MEXICO; PAUL ROTH, M.D.;
JORGE WERNLY, M.D.; MICHAEL
SPAFFORD, M.D.; SCOT SAUDER;
FRED HASHIMOTO, M.D.; and
ROBERT BAILEY, M.D.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objections to Magistrate's Order Granting Defendants' Motion to Stay and Request for Sanctions and Stay of Magistrate's Order, filed September 22, 2006, **[Doc. No. 19]**. The Court, having considered the motion, responses, reply, relevant law, and being otherwise fully informed, finds that the objections are not well-taken and will be **OVERRULED**.

## FACTUAL BACKGROUND

Plaintiff, a physician employed by the University of New Mexico, filed this action asserting, in part, that his placement on paid administrative leave pending an investigation into alleged misconduct violated his civil rights. Defendants filed motions to dismiss based, in part, on an assertion of qualified immunity and sought a stay of discovery pending a decision on their claims of qualified immunity. The magistrate judge granted the requested stay of discovery and

Plaintiff filed the instant objections to that stay.

## LEGAL STANDARD

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

Qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Consequently, when a defendant asserts qualified immunity, the court generally should stay discovery until the immunity issue is resolved. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). If plaintiff's allegations fail to state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). If the plaintiff's allegations state a claim of violation of clearly established law, limited discovery narrowly tailored to uncover only those facts needed to rule on the qualified immunity claim is permissible. *See Maxey by Maxey v. Fulton*, 890 F.2d 279 (10th Cir. 1989) (plaintiff alleging a violation of clearly established law adequate to state a claim for relief, is entitled to discovery specifically tailored to the qualified immunity question).

In this case, Defendants have asserted through their motions to dismiss that Plaintiff's allegations fail to state a claim of violation of clearly established law. The magistrate judge thus properly stayed discovery pending resolution of the qualified immunity question. *See Mitchell*, 472 U.S. at 526 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

Plaintiff objects to the stay of discovery on the grounds that Defendants' assertion of qualified immunity depends on the factual question of whether Plaintiff has suffered an adverse employment action and discovery is necessary to resolve this question. The Court disagrees. Whether the facts Plaintiff alleged are sufficient to state an adverse employment action is a legal question that requires no discovery. *See, e.g.*, *Nicely v. Rumsfeld*,177 Fed.Appx. 780 (10th Cir. 2006) (upholding district court's ruling as a matter of law that the Plaintiffs' allegations did not constitute "adverse employment actions"); *Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3rd Cir. 2003) (existence of a *prima facie* case of employment discrimination, including whether an employee was subject to an adverse employment action, is a question of law that must be decided by the court); *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000) (whether a plaintiff has alleged any adverse employment actions is a question of law). At this point, Defendants have challenged whether Plaintiff has sufficiently alleged a violation of a clearly established law. This is a legal, not a factual, question.

Plaintiff also asserts that the Health Care Quality Improvement Act ("HCQIA") prohibits qualified immunity to any party who has engaged in civil rights violations and that he should be entitled to "discovery on defendants regarding the peer review process and HCQIA and

3

defendants' misapplication of the Act." Plaintiff's HCQIA argument is misguided. The HCQIA was designed both to provide for effective peer review and interstate monitoring of incompetent physicians and to grant qualified immunity from damages for those who participate in peer review activities. *See* 42 U.S.C. § 11101. In furtherance of the latter goal, HCQIA provides that, if a "professional review action" (as defined in HCQIA) meets certain due process and fairness requirements, then those participating in such review "shall not be liable in damages under any law of the United States or of any State (or political subdivision) with respect to the action." 42 U.S.C. § 11111. This section excludes from its coverage suits brought under 42 U.S.C. § 1983 or Title VII of the Civil Rights Act of 1964. *Id*. Defendants, however, have invoked constitutional qualified immunity not HCQIA qualified immunity. Consequently, discovery regarding the HCQIA is unnecessary and irrelevant to the determination of whether Defendants are entitled to constitutional qualified immunity.

Finally, Plaintiff seeks sanctions against Defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure for improperly seeking a stay of discovery. Plaintiff's request is without merit. Defendants have made a legitimate claim of qualified immunity and are entitled to a stay of discovery pending a decision on their claim.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to Magistrate's Order Granting Defendants' Motion to Stay, filed September 22, 2006, **[Doc. No. 19]**, are **OVERRULED** and Plaintiff's request for sanctions asserted within his objections is **DENIED**.

Dated this 30th day of March, 2007.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
  J. Edward Hollington, Esq.

Attorney for Defendants:
  Terrill E. Pierce , Esq.
  Elizabeth L. German, Esq.

Attorney for Defendant Scot Sauders:
  Ruth Fuess , Esq.