IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWIN ISHOO, M.D.,

        Plaintiff,

vs.                                           No. CIV-06-0747 MV/ACT

BOARD OF REGENTS, UNIVERSITY
OF NEW MEXICO; PAUL ROTH, M.D.;
JORGE WERNLY, M.D.; MICHAEL
SPAFFORD, M.D.; SCOT SAUDER;
FRED HASHIMOTO, M.D.; and
ROBERT BAILEY, M.D.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to File Third Amended Complaint, filed December 18, 2007, **[Doc. No. 76]**, and Defendants' Motion for Sanctions, filed February 20, 2008, **[Doc. No. 82]**. On August 17, 2006, Plaintiff filed this action in state court. Defendants removed the action to federal court and filed motions to dismiss. Plaintiff simultaneously filed both responses to the motions to dismiss and a First Amended Complaint. Five days later, Plaintiff filed a Second Amended Complaint. Plaintiff did not have permission of the Court or consent of counsel to file either amended complaint.[1] Defendants subsequently filed motions to dismiss the Second Amended Complaint, which the Court granted, in part, in a Memorandum Opinion and Order filed on September 29, 2007, [Doc. No. 70]. In its Opinion, the Court dismissed numerous counts in Plaintiff's Second Amended Complaint, primarily on

---

[1] Because it appeared that the Defendants had *ex post facto* consented to the amendments by filing motions to dismiss, the Court accepted the amended complaints but cautioned Plaintiff against future non-compliance with Court rules and procedures.

the grounds that the allegations were insufficient to state a claim and that Defendants were entitled to qualified immunity for the adverse action alleged. Plaintiff now moves for leave to file a Third Amended Complaint that incorporates subsequent factual developments, names additional defendants, and attempts to remedy the deficiencies found by the Court in its September 29, 2007 Opinion. Defendants oppose the filing of the Third Amended Complaint on the grounds that it is "ill-conceived" and remedies few of the deficiencies contained in the Second Amended Complaint. Defendants also filed a motion seeking sanctions pursuant to 28 U.S.C. § 1927 on the grounds that Plaintiff has unreasonably and vexatiously multiplied the proceedings in this case.

>Rule 15 (a) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

>... a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). Leave to amend "shall be freely given" in the absence of countervailing factors such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Expoconsul Int'l, Inc., A/E Systems, Inc.*, 145 F.R.D. 336, 337 n.4 (S.D.N.Y. 1993).

Defendants assert that the proposed amendment is futile because some of the counts still fail to state a claim. While not all of the deficiencies noted in the Court's previous opinion may have been corrected, one of the major reasons many of the previous claims were dismissed--the lack of an adverse action--has been remedied and numerous additional factual allegations have been added. Thus, it is apparent that the proposed amendment is not futile. To the extent any deficiencies remain, they can be addressed through a motion to dismiss.

The Court is sympathetic to the extra effort required by Defendants due to Plaintiff's conduct in this case, including filing unauthorized First and Second Amended Complaints and improper Rule 56 affidavits.[2]  In fact, in its September 29, 2007 Opinion, the Court warned Plaintiff about future non-compliance with Court rules and procedure.  It appears to the Court, however, that in the proposed Third Amended Complaint Plaintiff has made a good faith effort to remedy the deficiencies in his Second Amended Complaint.  The fact that not all deficiencies may have been remedied is not grounds for sanctions.  Plaintiff's actions, while not a model of efficiency and certainly evidencing a lack of familiarity with federal practice and procedure, do not yet rise to the level of vexatious and unreasonable multiplication of proceedings as required to warrant sanctions under 28 U.S.C. § 1927.  This ruling, however, will be revisited if Plaintiff's course of conduct continues.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File Third Amended Complaint, filed December 18, 2007, **[Doc. No. 76]**, is **GRANTED**.  Plaintiff has ten days from the date of this Order to file his Third Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions, filed February 20, 2008, **[Doc. No. 82],** is **DENIED**.

Dated this 23rd day of June, 2008.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

---

[2]  Plaintiff also filed an unauthorized Third Amended Complaint on August 6, 2007, but withdrew the document on August 14, 2007.  On September 28, 2007, Plaintiff properly filed a motion seeking leave to file a Third Amended Complaint.  Plaintiff withdrew this motion on October 1, 2007.  Defendants did not file anything in response to either of these filings.

<u>Attorney for Plaintiff</u>:
　J. Edward Hollington, Esq.

<u>Attorney for Defendants</u>:
　Terrill E. Pierce , Esq.
　Elizabeth L. German, Esq.

<u>Attorney for Defendant Scot Sauders</u>:
　Ruth Fuess , Esq.