IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDWIN ISHOO, M.D.**

              Plaintiff,

      vs.                                                  No. 6:06-cv-747 MCA/ACT

**BOARD OF REGENTS, UNIVERSITY
OF NEW MEXICO; PAUL ROTH, M.D.,
JORGE WERNLY, M.D.; MICHAEL
SPAFFORD, M.D.; JEAN BANNON;
JOHN RUSSELL, M.D.; and MARY F.
LIPSCOMB, M.D.,**

              Defendants.

## MEMORANDUM OPINION and ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion for Order to File Fourth Amended Complaint* [Doc. 113], filed August 14, 2008. The Court, having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, finds that the Motion should be **DENIED.**

**I.    BACKGROUND**

This is a civil rights case in which Plaintiff has asserted various section 1981, 1983, 1983, and Title VII claims. It was filed in July 2006 in state court and removed to federal court in August 2006. Since then, Plaintiff has filed three amended complaints and now seeks to file a fourth.[1] Each version of the complaint was attacked along the way, but Plaintiff has avoided outright dismissal by continuously amending. Plaintiff has thus presented a constantly moving target as Defendants

---

[1] Plaintiff actually presented at least two versions of the proposed Third Amended Complaint before the current version was accepted. See Doc. 67 (Third Amended Complaint - filed without leave), Doc. 68 (Withdrawing Doc. 67), Doc. 69 (Motion for Leave to File Third Amended Complaint), Doc. 71 (Withdrawing Doc. 69), Doc. 76 (another Motion for Leave to File Third Amended Complaint), Doc. 88 (Memorandum Opinion and Order granting leave to file Third Amended Complaint), and Doc. 89 (Third Amended Complaint).

attempt to pin down his claims.  A brief review of the alleged facts and procedural history is in order.

Plaintiff is a physician of Middle Eastern heritage who was hired in August 2005 by Defendant University of New Mexico ("UNM") as a faculty member and practitioner.  [Doc. 89 at 2–3.]  He was assigned clinical duties at the Veteran's Administration ("VA"), which has a program that is affiliated with UNM.  [Id. at 3.]  In February 2006, Plaintiff was involved in an altercation with a VA nurse.  [Id. at 4–5.]  He claims that she displayed insubordination and directed a racial epithet toward him.  [Id.]  Shortly after this incident, the VA requested that Plaintiff not return to its premises.  [Id. at 5.]  Plaintiff filed a charge of discrimination with the VA's Equal Opportunity Office and also alleges that the VA was retaliating against him for raising objections about the curriculum and billing practices.  [Id. at 6.]  He claims that UNM failed to respond appropriately to his complaints of discrimination and so he filed a charge against it with the Equal Employment Opportunity Commission and the New Mexico Human Rights Division.  [Id. at 7.]  In April and May 2006, peer review proceedings were initiated against Plaintiff, and he was placed on administrative leave with pay.  [Id. at 7–8.]  While these proceedings were pending, Plaintiff's contract was renewed in July 2006.  [Id. at 12.]  However, in January 2007, UNM's Medical Executive Committee voted to revoke Plaintiff's privileges, and in June 2007, his contract expired and was not renewed.  [Id. at 11.]  This lawsuit ensued.

Plaintiff originally named UNM, five of its doctors and one in-house attorney, all of whom were allegedly involved in the alleged deprivation of civil rights.  All Defendants moved to dismiss on the basis of qualified immunity and other grounds.[2]  [Docs. 5, 10.]  Plaintiff filed a First

---

[2]Discovery was stayed on August 26, 2008.  [Doc. 14.]

Amended Complaint on September 22, 2006, however, and the pending motions to dismiss consequently were denied as moot. [Docs. 23, 63.] Plaintiff filed a Second Amended Complaint on September 28, 2006. [Doc. 23.] Defendants filed another round of motions to dismiss the Second Amended Complaint. [Docs. 28, 32.] These motions were considered on the merits and the Honorable Martha Vazquez in large part granted them, dismissing most of the claims against most of the Defendants without prejudice. [Docs. 70, 81.] Judge Vazquez did, however, grant Plaintiff leave to file a Third Amended Complaint. [Doc. 88.] Plaintiff's Third Amended Complaint, filed June 30, 2008 [Doc. 89] is the current operative pleading.

From the Second to the Third Amended Complaint, Defendants UNM and Drs. Roth and Spafford remain the same. However, in his Third Amended Complaint, Plaintiff dropped three of the doctor Defendants previously named (Wernley, Hashimoto, and Bailey), and added two new doctor Defendants (Russell and Lipscomb). He also dropped the previously-named attorney Defendant (Sauder), but replaced him with a different in-house attorney Defendant, Jean Bannon.

## II. ANALYSIS

A complaint may be amended "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Thereafter, such an amendment requires leave of Court or written consent of the adverse party, but such "leave shall be freely given when justice so requires." Fed. R.Civ. P. 15(a). It is within the Court's discretion, however, to deny leave to amend a pleading under Fed. R. Civ. P. 15(a) based upon a justifying reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

With respect to the undue-delay factor, the Tenth Circuit "focuses primarily on the reasons for the delay[,]" whereas "[s]ome circuits hold that an amendment may be denied for undue delay only if the trial court finds prejudice, bad faith, futility, or (in some circuits) a substantial burden on the court." Minter v. Prime Equip. Co., 451 F.3d 1196, 1205 (10th Cir. 2006). To be sure, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Additionally,

> [c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target[;] to salvage a lost case by untimely suggestion of new theories of recovery[;] to present theories seriatim in an effort to avoid dismissal[;] or to knowingly delay raising [an] issue until the eve of trial. . . .

Minter, 451 F.3d at 1206.

Plaintiff seeks to amend on the grounds that while his Motion to File the Third Amended Complaint was pending, the Tenth Circuit issued its opinion in Robbins v. State of Oklahoma, 519 F.3d 1242 (10th Cir. 2008). Defendants oppose the amendment. [Doc. 122 (opposition by Defendant Bannon); Doc. 125 (opposition by Defendants UNM, Roth, Spafford, Russell, and Lipscomb).]

According to Plaintiff, the amendment should be allowed because of "the new standards explained by the Tenth Circuit in the Robbins case — a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." [Doc. 113 at 2.] The Court does not find this proffered reason to be persuasive. First, the Court notes that Plaintiff did not file a memorandum in support of amendment, and in his motion cited to no authority other than Robbins

4

and Twombly.

Second, Robbins did not articulate any new legal holding that was not apparent from reading Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), which was issued seven months *before* Plaintiff sought leave to file his Third Amended Complaint. [Doc. 76.] Plaintiff is presumed to have known prior to Robbins, and prior to seeking to amend a third time that he would have to make more than a "mere naked assertion of conspiracy" to state a claim for relief. Twombly, 127 S. Ct. at 1966. It also was clear prior to Robbins, that the Court would "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Twombly, 127 S. Ct. at 1968–69; Erickson v. Pardus, 551 U.S. 89 (2007)). Prior to Robbins, the Tenth Circuit also recognized that "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (brackets in original) (quoting Twombly, 127 S. Ct. at 1965).

Robbins states "[t]o 'nudge their claims across the line from conceivable to plausible, in the [qualified immunity] context, plaintiffs must allege facts sufficient to show that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made." Robbins, 519 F.3d at 1249 (quoting Twombly, 127 S. Ct. at 1947). Robbins thus did not add or elaborate on the standard established by Twombly—it simply demonstrated its application in the qualified immunity context.

Furthermore, to the extent Plaintiff believed that Robbins would make the difference between a viable complaint and one that was inadequate, he should have taken some affirmative action between the issuance of Robbins in March 2008 and Judge Vazquez' ruling on his Motion

5

to file the Third Amended Complaint, in June 2008.  In other words, Plaintiff's Robbins rationale is misplaced since, instead of simply filing the Third Amended Complaint attached to the motion that Judge Vazquez ruled upon, he could have sought leave, in light of Robbins, to file what he now attempts to put forth as his Fourth Amended Complaint.  Robbins was issued a full three months before Plaintiff was granted leave to file the Third Amended Complaint.  That he did not take some affirmative action earlier, but instead waited nearly two months after Judge Vazquez' order and nearly five months after Robbins itself evidences undue delay.

### III.   CONCLUSION

For the reasons stated above, the Court concludes that there has been undue delay in seeking to amend, and that Plaintiff has not offered no adequate reason for the delay.

**IT IS, THEREFORE, ORDERED** that *Plaintiff's Motion for Order to File Fourth Amended Complaint* [Doc. 113], filed August 14, 2008, is **DENIED**.

**SO ORDERED** this 30th day of March 2009, in Albuquerque, New Mexico.

        **M. CHRISTINA ARMIJO**
        United States District Judge