IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDWIN ISHOO, M.D.**

            Plaintiff,

vs.     No. 6:06-cv-747 MCA/ACT

**BOARD OF REGENTS, UNIVERSITY
OF NEW MEXICO; PAUL ROTH, M.D.,
JORGE WERNLY, M.D.; MICHAEL
SPAFFORD, M.D.; JEAN BANNON;
JOHN RUSSELL, M.D.; and MARY F.
LIPSCOMB, M.D.,**

            Defendants.

## MEMORANDUM OPINION and ORDER

**THIS MATTER** comes before the Court on the following three motions: (1) *Defendant Jean Bannon's Motion to Dismiss All Claims Against Her on Qualified Immunity Grounds* [Doc. 96], filed July 15, 2008; (2) *Motion to Strike Paragraphs 74–76 of the Third Amended Complaint and for Protective Order Prohibiting Discovery and the Use of Evidence Regarding Issues Raised in Such Allegations* [Doc. 100], filed July 23, 2008; and (3) *Defendants' Motion to Disqualify Plaintiff's Counsel From Representing Plaintiff at Trial or During Depositions* [Doc. 102], filed July 24, 2008. The Court, having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, finds that: (1) a ruling on Defendant's Bannon's Motion to Dismiss should be **deferred**; (2) Defendants Motion to Strike should be **denied**; and (3) Defendants' Motion to Disqualify should be **denied.**

**I.     BACKGROUND**

The procedural history and factual background of this case is set forth in a *Memorandum Opinion and Order* filed concurrently herewith, and will not be repeated here. Suffice to say that Plaintiff has filed three amended complaints and the Court has denied him leave to file a fourth.

Thus, the operative pleading is the Third Amended Complaint [Doc. 89], filed June 30, 2008.

Regarding current pending motions, the case stands thus: (1) Defendant Bannon has moved to dismiss all claims asserted against her in the Third Amended Complaint on qualified immunity and other grounds [Doc. 96]; (2) all Defendants have moved to strike three paragraphs from the Third Amended Complaint on the grounds that they implicate a confidentiality agreement [Doc. 100]; and (3) all Defendants have moved to disqualify Plaintiff's counsel on the grounds that he is a necessary fact witness [Doc. 102].

II.   ANALYSIS

   A.   **Defendant Jean Bannon's Motion to Dismiss All Claims Against Her on Qualified Immunity Grounds [Doc. 96]**

Bannon moves to dismiss all claims asserted against her in the Third Amended Complaint. In opposing Bannon's Motion to Dismiss, Plaintiff relies primarily on the argument that his proposed Fourth Amended Complaint cures deficiencies identified by the Motion to Dismiss. He also relies to some extent on the argument that Bannon was acting under color of law. [Doc. 114.]

As stated above, and for the reasons set forth in the *Memorandum Opinion and Order* filed concurrently herewith, the Court has denied Plaintiff leave to file the proposed Fourth Amended Complaint. Accordingly, Plaintiff shall file another response to Bannon's Motion to Dismiss, directing his arguments to the claims and allegations contained in the Third Amended Complaint.

   B.   **Motion to Strike Paragraphs 74–76 of the Third Amended Complaint and for Protective Order Prohibiting Discovery and the Use of Evidence Regarding Issues Raised in Such Allegations [Doc. 100]**

Defendants move to strike three paragraphs of the Third Amended Complaint. The three paragraphs that Defendants wish to strike state:

   74.   In 2005/2006, there were six attending physicians/faculty members in the ENT Division of the Department of Surgery at UNM. Two of those attending faculty

>     members/surgeons were of Middle-Eastern/Iranian descent, including Dr. Ishoo. The only two attending/faculty member surgeons whose contracts were not renewed in the past three years in the ENT Division were Dr. Ishoo and another surgeon of Middle-Eastern/Iranian descent.
>
> 75. During the last three years, the only two surgeons within the ENT Division of the Department of Surgery to be placed on administrative leave were Dr. Ishoo and another surgeon of Middle-Eastern/Iranian descent.
>
> 76. Defendants claim the interactions between Dr. Ishoo and the nurse (Catherine Neilsen) at the VA on February 24, 2006 as the primary reason for initiating peer review and terminating his employment contract. Prior to the actions taken against Dr. Ishoo, UNM, had not initiated any peer review action against a surgeon or terminated a surgeon's contract because of interactions between a surgeon and a staff member that occurred at the VA facility, although such interactions at the VA had been reported to UNM.

[Doc. 89, ¶¶ 74–76.]

Defendants argue that "as Plaintiff's counsel well knows, Defendants are not at liberty to answer these allegations except in accordance with a prior agreement." [Doc. 100 at 2.] According to Defendants, the attorney representing Plaintiff in this case also represented the other surgeon of Middle-Eastern/Iranian descent that allegedly is referred to in these paragraphs. Defendants entered into a Settlement Agreement and Release ("SAR") with this other surgeon and they argue that the confidentiality and non-disparagement provisions of the SAR prohibit them from responding to these allegations. Defendants express concern that they are "potentially subject to an untenable situation in which they are compelled to defend allegations and participate in discovery which seeks information about such other physician" and that they "are thus placed in a position of either breaching the SAR or having to dance around allegations and discovery questions that are based upon information obtained by Plaintiff's counsel on a confidential basis in the course of his representation of [the other surgeon." [Doc. 100 at 4, 7]

Defendants request the Court to strike the allegations contained in paragraphs 74 and 75

3

and—to the extent they relate to the other physician—the allegations in paragraph 76. They also seek an order "prohibiting Plaintiff from raising such allegations in this case, from conducting discovery with respect to matters raised in such paragraphs and from using any evidence regarding such other physician (whether by name or otherwise) in any manner in this case." [Doc. 100 at 7.] Alternatively, they request an order "allowing them to answer and defend all allegations and discovery relating to such other physician and all actions taken with respect to his or her employment and declaring that any testimony or evidence give by or on behalf of Defendants regarding such matters will not constitute a breach of the SAR." [Id.]

Plaintiff responds that "Defendants' conduct, treatment and adverse action against another physician who was a member of the same protected class as Dr. Ishoo is relevant evidence in discrimination/retaliation/civil rights actions." [Doc. 105 at 1.] He also argues that Defendants have failed to refer to the rule governing motions to strike and failed to offer any legal authority for the relief they request. He asserts further that Defendants have, in the state court lawsuits, responded without objection to deposition questions arguably implicating the SAR. Finally, he argues that the Motion to Strike is premature because discovery in this matter has been stayed and he has not yet submitted discovery requests to the Defendants. Defendants reply that "equity compels the Court" to strike the paragraphs.

Rule 12(f) of the Federal Rules of Civil Procedure provides that:

The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f). As Defendants apparently acknowledge, there are no Rule 12(f) grounds to support their request. They also do not argue that the allegations are irrelevant. Thus, their only grounds for striking is the "untenable" situation allegedly created by the SAR.

4

The entire SAR has been submitted under seal for the Court's review, pursuant to agreement of the parties. [Doc. 112.] However, the pertinent portions of the SAR, with identifying information redacted, are set forth in Defendants' motion.[1] [Doc. 100 at 2–4.] The SAR contains a "Non-Disparagement" provision that requires UNM to maintain the other physician's files in a confidential and sealed file with access thereto limited as follows:

> access subject only to lawful subpoena or court order, to defend against any claims brought by [the other physician] or to impeach [the other physician] if he testifies in any proceeding as an adverse witness to UNM or with his written consent specifying these particular files.

[Doc. 112-2 at 2.] The SAR also states that "UNM records will reflect that [the other physician] resigned his position." [Id. at 3.] The other physician "will refer all references to Executive Vice President, Paul Roth, M.D." and Dr. Roth or his designee "shall give a neutral letter of reference stating only that [the other physician] was employed by the University of New Mexico as an assistant professor in the Department of Surgery, Division of Otolaryngology from August 2005 through June 2006." [Id.] It was further agreed that "any oral inquiries/responses directed to Drs. Trotter, Jorge Wernly and/or Michael Spafford will be consistent with the foregoing language." [Id.] Furthermore, "Dr. Spafford agrees to make no comments to parties outside of UNM about [the other physician] or his practice except as otherwise provided for herein." [Id.]

The SAR also contains a "Confidentiality" provision that states:

> [The other physician] agrees to hold in strict confidence the fact of and terms and conditions of this Settlement Agreement and Release, to the extent permitted by law. Except as otherwise set forth in this Settlement Agreement and Release, [the other physician] will not disclose any information set forth in this Settlement Agreement and Release, orally or in writing, to anyone, including without limitation, any past or present employee of UNM, with

---

[1] Normally, the Court should not consider materials extrinsic to the pleadings on a motion to strike; however, in this case, the Court will consider the SAR because all parties agree it is relevant to the issues raised by this motion, and have submitted it under seal for the Court's review. See Diamond Scientific Co. v. Ambico, Inc., 848 F.2d 1220, 1226–27 (Fed. Cir. 1988).

>the exception of his spouse and his legal, tax or financial advisor. [The other physician] agrees that, if asked about his claims against UNM, he will respond only that the matter has been resolved. UNM will disclose the terms of this Settlement Agreement and Release only to those University administrators with a legitimate need to know, or as otherwise required by law.

[Doc.112-2 at 6.]

After reviewing the provisions of the SAR that Defendants have brought to the Court's attention, I conclude that the request to strike paragraphs from Plaintiff's complaint should be denied, and that their request for a protective order is premature. The dilemma Defendants describe between answering the Complaint and complying with the SAR is illusory.[2] Although it is agreed that paragraphs 74 and 75 refer to the same physician who is a party to the SAR, admitting or denying the allegations in these paragraphs does not require Defendants to "disparage" him or to disclose the terms of the SAR. The first two sentences of paragraph 74 require Defendants to confirm that there were six attending physicians/faculty members in the ENT Division in 2005/2006, and that two of them were of Middle-Eastern/Iranian descent. [Doc. 113-2 at 15.] The third sentence requires Defendants to respond to the allegation that the only two surgeons whose contracts Defendants did not renew within the past three years were Plaintiff and the other physician. [Id.] Paragraph 75 alleges that during the last three years, the only two surgeons they placed on administrative leave were Plaintiff and the other physician. Finally, Paragraph 76 does not appear to implicate the SAR or the other physician at all.

Defendants have not shown how responding to the allegations in paragraphs 74 through 76 would require them to: (1) allow access to the other physician's sealed and confidential files; (2)

---

[2]On the other hand, the dilemma faced by Plaintiff's counsel may be far from illusory. It is not difficult to envision the conflicts that might arise between the duties he owes to the other physician and the duties he owes to the Plaintiff in this case.

6

respond to a request for a reference or inquiry from a credentialing entity; or (3) disclose the terms of the SAR. Accordingly, the Court finds no grounds to strike these paragraphs. To the extent Defendants perceive that a responsive pleading will implicate the SAR, they may seek leave to file their answers to Paragraphs 74–76 under seal.

The Court also concludes that Defendants' request for a protective order, or other order granting them wholesale permission to defend allegations relating to the other physician without breaching the SAR, is premature. A protective order may be appropriate in the future, however, and the matter can be addressed on a case-by-case basis in response to specific discovery requests or anticipated areas of deposition inquiry.

### C. Defendants' Motion to Disqualify Plaintiff's Counsel from Representing Plaintiff at Trial or During Deposition [Doc. 102]

Defendants seek to disqualify Plaintiff's counsel, J. Edward Hollington, from serving as Plaintiff's attorney at trial or during depositions. They argue that Mr. Hollington is a necessary witness in this case and therefore must be disqualified under Rule 16-307 of the New Mexico Rules of Professional Conduct.

Defendants' motion is based on allegations in the Third Amended Complaint that Plaintiff did not receive timely notice of the non-renewal of his contract, as required by UNM's Faculty Handbook. [Doc. 102 at 2; doc. 89 at 12 (Third Am. Compl. ¶¶ 67–68).] According to Defendants, the deadlines for giving notice of non-renewal were extended by agreement with Mr. Hollington. Defendants thus claim that if Plaintiff intends to pursue his claims of untimeliness, Mr. Hollington necessarily will be a witness as to the parties' agreement.

Plaintiff responds that Mr. Hollington is not a necessary witness because "[w]hether UNM complied with time deadlines for non-renewing Dr. Ishoo's contract is not a material issue in

establishing prima facie cases of discrimination, retaliation, and other civil rights claims" and that he has no intent to raise the issue in his case. [Doc. 115 at 3–4.] According to Plaintiff, his proposed Fourth Amended Complaint has been revised to remove the allegations that arguably raise the issue of timely notice. [Id. at 1.]

"Two sources inform whether a district court should disqualify an attorney." United States v. Stiger, 413 F.3d 1185, 1195 (10th Cir. 2005). "First, attorneys are bound by the local rules of the court in which they appear.... Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." Stiger, 413 F.3d at 1195 (quoting Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1383 (10th Cir.1994)) (quotation marks and ellipses in original). Here, the relevant rule is Rule 16-307 of the New Mexico Rules of Professional Conduct, which states in relevant part:

> 16-307.  Lawyer as witness.
>
> A.  Necessary witness.  A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1) the testimony relates to an uncontested issue; or
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case.

Rule 16-307A NMRA 1987. Rule 16-307 applies to attorneys practicing before this Court. D.N.M.LR.-Civ. 83.9.

Based on the representation by Plaintiff's counsel, in *Plaintiff's Response to Defendants' Motion to Disqualify Plaintiff's Counsel from Representing Plaintiff at Trial or During Depositions* [Doc. 115], that he does not intend to raise the issue of untimely notice, and indeed would have withdrawn the allegations that arguably implicate the issue, had he been allowed to file a Fourth Amended Complaint, the Court will deny Defendants' motion to disqualify him. The matter may

be revisited if the issue of untimely notice becomes material or contested.

**IT IS, THEREFORE, ORDERED** that a ruling on *Defendant Jean Bannon's Motion to Dismiss All Claims Against Her on Qualified Immunity Grounds* [Doc. 96], filed July 15, 2008, is **DEFERRED;**

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to *Defendant Jean Bannon's Motion to Dismiss All Claims Against Her on Qualified Immunity Grounds* [Doc. 96], no later than April 14, 2009;

**IT IS FURTHER ORDERED** that Defendant Bannon may file a reply to Plaintiff's response to *Defendant Jean Bannon's Motion to Dismiss All Claims Against Her on Qualified Immunity Grounds* [Doc. 96], no later than April 24, 2009;

**IT IS FURTHER ORDERED** that the *Motion to Strike Paragraphs 74–76 of the Third Amended Complaint and for Protective Order Prohibiting Discovery and the Use of Evidence Regarding Issues Raised in Such Allegations* [Doc. 100], filed July 23, 2008, is **DENIED**;

**IT IS FURTHER ORDERED** that *Defendants' Motion to Disqualify Plaintiff's Counsel From Representing Plaintiff at Trial or During Depositions* [Doc. 102], filed July 24, 2008, is **DENIED**.

**SO ORDERED** this 30th day of March 2009, in Albuquerque, New Mexico.

                                               **M. CHRISTINA ARMIJO**
                                               United States District Judge